UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA FORD,<br><br>    Plaintiff,<br><br>    v.<br><br>CEC ENTERTAINMENT, INC.,<br><br>    Defendant. | Case No. 14-cv-01420-RS<br><br>**ORDER RE MOTION FOR ATTORNEY FEES AND INCENTIVE AWARD** |

Plaintiff Francesca Ford brought this class action alleging various wage and hour claims on behalf of current and former employees of defendant CEC Entertainment, Inc., the owner and operator of Chuck E. Cheese restaurants. Plaintiff obtained a $2,500,000 settlement fund that will be distributed to over 10,500 employees and former employees. Checks will be issued automatically, without the need to file claims with the settlement administrator. Additionally, under the settlement CEC will implement a program to pay meal break premiums to hourly employees.

Final approval of the settlement has been granted by separate order issued this date. Plaintiff seeks an award of attorney fees in the amount of $833,333, or one-third of the total settlement fund. Plaintiff also seeks $13,960 in costs, and an "incentive award" to plaintiff of $5000.

*Fee award*

Ninth Circuit law is settled that in a "common fund" case such as this one, it generally is appropriate to award fees either on the basis of a so-called "lodestar" calculation or by applying a "percentage of the fund" to determine the fee amount. *See e.g. Bluetooth*, 654 F.3d at 942 ("Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method."); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method.") Here, plaintiff contends that counsel should be permitted to recover "under the common fund doctrine applicable under both California and federal law."

As plaintiff points out, in diversity actions, federal courts look to state law in determining whether a party has a right to attorney fees and how to calculate those fees. *Mangold v. Calif. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("Ninth Circuit precedent has applied state law in determining not only the right to fees, but also in the method of calculating the fees"). While California state cases have on occasion, cited the Ninth Circuit's 25% "benchmark" without criticism, it does not appear ever to have been formally adopted as a "benchmark" by the state courts. *See*, *e.g.*, *Lealao v. Beneficial California, Inc*., 82 Cal. App. 4th 19, 24 n.1 (2000); *In re Consumer Privacy Cases*, 175 Cal. App. 4th 545, 558 n. 13 (2009). That said, nothing in *Mangold* or any other cases relied on by plaintiff suggests that a federal court sitting in diversity may not use the Circuit benchmark as at least a starting point when awarding fees in a common fund case. *See also In re Pac. Enterprises Sec. Litig*., 47 F.3d 373, 379 (9th Cir. 1995) (stating 25% benchmark as applicable to claims under state law, although upholding award of 1/3 of common fund.)

Here, it is appropriate to award a fee in excess of the 25% benchmark in light of the facts that the settlement achieved (1) will pay out non-*de minimus* cash amounts to virtually every member of the class without the necessity of filing claims, and (2) includes injunctive relief that

appears to have real value in ensuring defendants future payment of meal break premiums to hourly employees.

Looking to the loadstar as a cross-check, plaintiff's claimed hourly rates and time incurred total $477,150.  While that figure generally appears reasonable, it would require application of a 1.75 multiplier to result in the 1/3 fee award requested.  Upon review of the entire record, including counsel's contingent risk, delay in payment, skill demonstrated, and results achieved, the Court finds an upward adjustment to a 30% recovery is warranted here.

The request for $13,960 in costs is reasonable, and is granted.  Finally, while plaintiff's request for an incentive award of $5000 is somewhat high, she has made a sufficient showing that the time she personally invested in the case and the fact that she brought the claim while employed by defendant, thereby risking retaliation, are sufficient to support the award.

Accordingly, the motion is granted to the extent the plaintiff's counsel is hereby awarded fees of $750,000, and costs of $13,960, and plaintiff is awarded in incentive fee of $5000.

**IT IS SO ORDERED**.

Dated: November 18, 2016

_____
RICHARD SEEBORG
United States District Judge